Nov. Term,
1837.

WILEY
v.
THE STATE.

Saturday,
January 20,
1838.

---

## WILEY v. THE STATE.

On the trial of an indictment, three jurors may be challenged peremptorily on the part of the state, but no more.

Saturday,
January 20,
1838.

ERROR to the *Hendricks* Circuit Court.

DEWEY, J.—This was an indictment for murder. Plea, not guilty. Verdict, guilty of manslaughter; and sentence to the penitentiary.

The record shows that the regular panel of the jury having been exhausted without the election of a jury, and four jurors *tales de circumstantibus* having been called, and accepted by the prisoner, the prosecuting attorney challenged them peremptorily, and his challenge was allowed by the Court—the prisoner objecting. This is the only error assigned.

The right of the state to make peremptory challenges depends upon our statutes. The 42d section of the practice act provides, that in all actions that may be tried in any Court of record, "each party shall have the right of peremptory challenge to three jurors." R. C. 1831, p. 408. By the 81st section of the act respecting crime and punishment, passed in the same year, it is enacted "that in all prosecutions for any capital offence, each party accused shall have the right to challenge 20 jurors peremptorily." R. C. 1831, p. 195. These two provisions not being incompatible, the former must be considered as embracing criminal prosecutions as well as civil cases,—and with the greater reason, because in the same section was contained the only statute law which conferred the privilege of a jury *de medietate linguœ* in any case. And it can hardly be supposed that the legislature designed to make

a distinction, in this respect, between suitors in civil suits, and a defendant in a criminal prosecution, unfavourable to the latter. The subsequent repeal of this provision does not weaken the argument.

But the right of the state extends to the peremptory challenge of three jurors only. The Circuit Court, therefore, erred in permitting the prosecuting attorney thus to challenge a greater number.

*Per Curiam.*—The judgment is reversed, and the verdict set aside. Cause remanded, &c.

*H. Brown, W. Quarles,* and *C. C. Nave,* for the plaintiff.
*J. B. Ray,* for the state.